UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES INC. MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-4,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>UNDERWOOD PARTNERS, LLC; NV EAGLES, LLC; SPANISH STEPS LAKESIDE HOMEOWNERS ASSOCIATION; and HAMPTON & HAMPTON COLLECTIONS, LLC,<br><br>　　　　　　Defendants. | Case No. 2:17-cv-00461-RFB-PAL<br><br>**ORDER** |

## I.　INTRODUCTION

Before the Court are Defendant Spanish Steps Lakeside Homeowners Association's Renewed Motion to Dismiss (ECF No. 54), Spanish Steps Lakeside Homeowners Association's Renewed Motion for Summary Judgment (ECF No. 55), and Plaintiff's Renewed Motion for Summary Judgment against Defendants Underwood Partners, LLC and Nevada Eagles, LLC (ECF No. 56).

In the complaint filed February 13, 2017, Plaintiff states five causes of action: (1) Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010; (2) Declaratory Relief Under Amendments V and XIV to the United States Constitution; (3) Quiet Title Under the Amendments V and XIV to the United States Constitution; (4) Permanent and Preliminary Injunction; and (5) Unjust Enrichment. ECF No. 1. For the reasons stated below, the

Court grants the Renewed Motion to Dismiss as to Plaintiff's first clause of action. The Court denies Plaintiff's summary judgment motion and denies Spanish Steps's summary judgment motion as to Plaintiff's declaratory relief claim regarding tender and the related equitable claim to set aside the foreclosure based upon tender. The grants summary judgment in favor of Spanish Steps on all remaining claims.

## II. FACTUAL BACKGROUND

### a. Alleged Facts

The Court summarizes the facts alleged in Plaintiff's complaint. ECF No. 1.

On or about May 19, 2005, nonparty Matthew P. Gardner purchased a property located at 276 Big Horn Drive, Boulder City, Nevada 89005 (APN 181-33-814-002) ("the Property"). The Deed of Trust executed by Gardner identified GreenPoint Mortgage Funding, Inc. as the Lender, Marin Conveyancing Corp. as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") solely as a nominee for Lender and Lender's successors and assigns, securing a loan in the amount of $256,800.00. On August 25, 2009, a Corporation Assignment of Deed of Trust was recorded in which all beneficial interest in the Deed of Trust was assigned to Plaintiff HSBC Bank USA, National Association, as Trustee for the Certificateholders for the Mortgage Pass-Through Certificates, Series 2005-4.

On August 4, 2009, a Notice of Delinquent Assessment Lien ("HOA Lien" or "NOL") was recorded against the Property by Defendant Hampton & Hampton Collections, LLC ("Hampton & Hampton") on behalf of Defendant Spanish Steps Lakeside Homeowners Association ("Spanish Steps"). On December 14, 2012, a Notice of Default and Election to Sell Real Property ("NOD") to Satisfy Delinquent Assessment Lien was recorded against the Property by Hampton & Hampton on behalf of Spanish Steps, stating that the amount due as of December 11, 2012 was $8,489.00. On April 4, 2013, a Notice of Trustee's Sale ("NOS") was recorded against the Property by Hampton & Hampton on behalf of Spanish Steps, stating that the amount due as of April 4, 2013 was $9,733.00. The recorded notices included improper fees and costs and did not identify the super-priority portion of the lien.

A nonjudicial foreclosure sale of the Property occurred on May 21, 2013 (the "HOA Sale"), to Defendant Underwood Partners, LLC for $17,000.00. The Trustee's Deed Upon Sale stated that the amount of the unpaid debt together with costs at the time of the HOA Sale was $9,917.00. On or about September 18, 2013, Underwood Partners conveyed its interest in the Property, if any, to Defendant NV Eagles, LLC.

### b. Undisputed Facts[1]

The Court finds that Plaintiff's alleged facts are undisputed. That Court further finds the following facts to be undisputed.

Miles, Bauer, Bergstorm & Winters, LLP ("Miles Bauer"), representing Plaintiff's predecessor in interest (MERS as nominee for Bank of America, N.A.), sent a letter to Hampton & Hampton dated January 17, 2013. ECF No. 55, Exhibit 8-1. The letter requested the status of an HOA lien foreclosure sale and offered to pay the previous nine months of assessments pursuant to NRS 116.3116(2)(b). Id. On January 22, 2013, Miles Bauer sent a fax to Hampton & Hampton requesting "a full payoff for the HOA arrears as they currently exist." ECF No. 55, Exhibit 8-3.

On January 25, 2013, Hampton & Hampton sent a fax to Miles Bauer with a letter and statement of account indicating that the amount due for nine months of assessments on the Property was $1,566.00. ECF No. 55, Exhibit 8-2. On January 29, 2013, Hampton & Hampton sent a fax to Miles Bauer with a letter and statement of account indicating that the total amount due on the Property was $10,665.00. ECF No. 55, Exhibit 8-4.

On February 13, 2013, Miles Bauer provided a cashier's check to Hampton & Hampton for $1,566.00 on behalf of Plaintiff's predecessor. ECF No. 55, Exhibit 8-5. Hampton & Hampton accepted the payment and applied it to the outstanding $10,655.00 balance.

### III. PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on February 13, 2017. ECF No. 1. Defendants NV Eagles,

---

[1] The Court has divided the fact sections into "Alleged" and "Undisputed" so that analytically the motion to dismiss and motion for summary judgment may be considered separately with the appropriate alleged or undisputed facts.

Underwood Partners, and Spanish Steps filed first Motions to Dismiss on March 28, 2017. ECF Nos. 5, 6. The Court entered a scheduling order on April 7, 2017, with discovery due by September 25, 2017 and dispositive motions due by October 25, 2017. ECF No. 14. Defendant Hampton & Hampton filed its Answer to the Complaint on April 18, 2017. ECF No. 17.

Plaintiff and Defendants Spanish Steps, NV Eagles, and Underwood Partners filed Motions for Summary Judgment on October 27, 2017 pursuant to the Court's extension of the deadline. ECF Nos. 30, 32, 33. Defendants NV Eagles and Underwood Partners filed an additional Motion to Dismiss on February 5, 2018. ECF No. 46.

On March 23, 2018, the Court issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL and denied all pending motions without prejudice. ECF No. 49. The Nevada Supreme Court published an answer to the certified question on October 3, 2018. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

Defendant Spanish Steps filed the instant Renewed Motion to Dismiss and Renewed Motion for Summary Judgment on August 23, 2018. ECF No. 54. Plaintiff filed the instant Renewed Motion for Summary Judgment on August 24, 2018. ECF No. 56.

## IV. LEGAL STANDARD

### a. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can

/ / /

reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### b. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

## V. DISCUSSION

### a. Motion to Dismiss

In its Renewed Motion to Dismiss, Spanish Steps argues that Plaintiff is barred from suit by the applicable statute of limitations. Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). Plaintiff alleges that the foreclosure sale occurred on May 21, 2013. The complaint was filed approximately three years and nine months later.

5

Plaintiff argues that the cause of action in fact accrued on September 18, 2014, the date of the Nevada Supreme Court decision in <u>SFR Investments Pool 1 v. U.S. Bank</u>, 334 P.3d 408 (Nev. 2014). Plaintiff argues that it could not have been aware of its cause of action until the holding in <u>SFR Investments</u> that NRS 116.3116 established a super-priority lien. But the Nevada Supreme Court has held that <u>SFR Investments</u> applies retroactively and constitutes an interpretation of NRS 116.3116 rather than a change in law. <u>K&P Homes v. Christiana Trust</u>, 398 P.3d 292, 295 (Nev. 2017). The Court finds that because NRS 116.3116 was in effect at the time of the May 21, 2013 foreclosure sale, the cause of action accrued at that time.

For the reasons stated below, the Court grants Spanish Steps' Renewed Motion to Dismiss as to Plaintiff's first cause of action only.

i. <u>First Cause of Action</u>

In its first cause of action, Plaintiff alleges that its priority interest in the Property is protected by NRS 116.3116(2)(b) and by the CC&Rs. Plaintiff also alleges that the notice and mailing requirements for foreclosure violated Nevada law. Insofar as Plaintiff's claim relates to any right protected by NRS 116.3116 and the violation of that right, Plaintiff's first cause of action carries a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applies to actions upon a liability created by statute. Because Plaintiff's Complaint was filed over three years after the cause of action accrued, the three-year statute of limitations bars Plaintiff's complaint as to wrongful foreclosure under NRS 116.3116 or related statutes.

Plaintiff is not entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080. The statute of limitations provided by these code sections only apply when the plaintiff actually "was seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; <u>see also</u> <u>Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.</u>, 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); <u>Bissell v. Coll. Dev. Co.</u>, 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties that held only a lien interest, not title.

The three-year statute of limitations pursuant to NRS 11.190(3)(a) does not foreclose Plaintiff's first claim as relates to any right protected by the CC&Rs. Spanish Steps argues that

the allegations of wrongful foreclosure based on alleged violations of the CC&Rs are separately subject to dismissal because they are insufficiently pled and because such claims are foreclosed by SFR Investments and NRS 116.1104.

The Court finds that a foreclosure sale cannot be invalidated by an HOA's failure to comply with such a requirement in its own CC&Rs. NRS 116.1104 states that, absent express statutory language to the contrary, Chapter 116's provisions "may not be varied by agreement, and rights conferred by it may not be waived." Chapter 116 does not expressly provide that a declaration can set forth additional notice requirements that, unless satisfied, negate the status of the super-priority portion of an HOA's lien. Spanish Steps's alleged failure to comply with its CC&Rs is therefore not a basis upon which Plaintiff may prevail on its quiet title claim. See SFR Investments, 334 P.3d at 418–19 (holding that the bank's argument that a mortgage savings clause in the CC&Rs subordinated the HOA's super-priority lien was defeated by NRS 116.1104, and stating that "[t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case").

Because Plaintiff's first cause of action is based on (1) an alleged violation of NRS Chapter 116, which is subject to an expired statute of limitations and (2) an alleged violation of the CC&Rs, which is foreclosed by law, Plaintiff's first cause of action is dismissed in its entirety.

ii. Second & Third Causes of Action

In its second and third causes of action, Plaintiff alleges that NRS 116.3116 et seq. is facially unconstitutional and that any purposed notice in the instant case was inadequate, insufficient, and in violation of Plaintiff's constitutional rights to due process. The Court finds that because these allegations are not based upon a liability created by statute, they fall within the four-year catch-all provision at NRS 11.220 and are not foreclosed.

iii. Fourth Cause of Action

In its fourth cause of action, Plaintiff seeks injunctive relief against Underwood Partners and NV Eagles. As injunctive relief is a remedy rather than a stand-alone substantive claim, the Court finds that the statute of limitations does not by itself prohibit this requested relief. However, as a request for injunctive relief is not a stand-alone claim, this claim is also dismissed.

1    iv.  Fifth Cause of Action

2        In its fifth cause of action, Plaintiff alleges that Underwood Partners and NV Eagles have

3    been unjustly enriched by the HOA sale and usage of the Property.  Plaintiff's equitable unjust

4    enrichment claim carries a four-year statute of limitations pursuant to the catch-all provision at

5    NRS 11.220.  The Court finds that Plaintiff's unjust enrichment claim is therefore not foreclosed

6    by the statute of limitations.

7        **b.  Motions for Summary Judgment**

8        Defendant Spanish Steps and Plaintiff have each motioned for summary judgment in its

9    favor.  For the reasons stated below, the Court denies both summary judgment motions as to

10   Plaintiff's declaratory relief claim regarding tender and the related equitable claim to set aside the

11   foreclosure based upon tender.  The Court grants summary judgment in favor of Spanish Steps as

12   to all remaining claims.

13       i.  Facial Unconstitutionality

14       Plaintiff alleges that NRS Chapter 116 facially violates Plaintiff's constitutional procedural

15   due process rights because it fails to require written notice to interest holders like Plaintiff.

16   Plaintiff and Spanish Steps each seek summary judgment as to this claim.

17       Plaintiff's constitutional claim is foreclosed by Nevada Supreme Court case law.   In

18   Bourne Valley Court Trust v. Wells Fargo Bank, NA, the Ninth Circuit held that the opt-in notice

19   scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional

20   due process and that NRS 116.31168 did not incorporate the notice requirements of NRS 107.090.

21   832 F.3d 1154, 1158–59 (9th Cir. 2016), cert. denied, 137 S. Ct. 2296 (2017).  This holding was

22   based upon the Ninth Circuit's interpretation of Nevada's statutory scheme under NRS Chapter

23   116 as an "opt-in" notice statutory scheme.  Importantly, the Nevada Supreme Court had not yet

24   had a direct opportunity to construe the applicable statutes.  The Nevada Supreme Court thereafter

25   held that NRS 116.31168 incorporated the notice requirements of NRS 107.090.  SFR Investments

26   Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1252 (Nev. 2018).  Thus, the Nevada

27   Supreme Court found notice to be mandatory to interest holders like Plaintiff.  Id.  As the Nevada

28   Supreme Court had not previously had an opportunity to explicitly construe the respective state

statutes in terms of their notice requirements and as the Nevada Supreme Court is the final arbiter of the construction of Nevada statutes, this Court must follow the Nevada Supreme Court's interpretation of Nevada statutes in this case. California Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001) (explaining that "it is solely within the province of the state courts to authoritatively construe state legislation"); Owen By & Through Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit's interpretation of state law is only binding to the extent there is no subsequent indication from the state court that the interpretation was incorrect). This Court has previously found consistent with the Nevada Supreme Court's interpretation of Nevada law that NRS 107.090 as incorporated by the Nevada HOA lien statute satisfies due process requirements. JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC, 200 F. Supp. 3d 1141, 1160–61 (D. Nev. 2016). The Court incorporates that prior reasoning by reference. Based upon the holding of the Nevada Supreme Court in SFR Investments Pool 1 and this Court's prior analysis, the Court finds that Nevada's statutory scheme in NRS Chapter 116 does not violate due process. Therefore, Plaintiff's contention that the statute facially violates its due process rights fails as a matter of law.

ii.   Notice & Mailing Requirements / As-Applied Due Process Challenge

Plaintiff alleges that the recorded notices in this case were inadequate for including improper amounts and failing to indicate the super-priority amount, thus violating NRS Chapter 116 and Plaintiff's constitutional due process rights. Spanish Steps argues that there was no authority throughout the relevant time period requiring an HOA to indicate the super-priority amount in the notices.

First, as to the notice requirements under Nevada law, the Court has previously found that Plaintiff's claims based upon statutory violations of Chapter 116 are barred by the statute of limitations. Even if they were not, the Court finds that the notices in this case contained the requisite information as required by Nevada law at the time. The NOL, NOD and NOS all contained the requisite information proscribed by Nevada law at the time for the respective statutes, including NRS 116.31162 and NRS 116.311635. These relevant notice statutes did not require at that time any separate identification of a "super-priority" section with an amount. NRS

9

116.31162 only required identification of the "deficiency in payment." The notices in this case had an appropriate identification of the deficiency.

Second, the Court does not find that the notice as-applied in this case deprived Plaintiff of due process under the federal constitution. Before a state takes any action that will adversely "affect an interest in life, liberty, or property . . . , a State must provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance." Mullane, 339 U.S. at 315 (citations and quotations omitted). And "if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." Id. The Court finds that Plaintiff—actually Plaintiff's predecessor-in-interest— received actual and constructive notice of HOA liens and Spanish Steps's intent to sell the property long before Spanish Steps took any action to foreclose upon the its lien. Indeed, Plaintiff actually communicated with Spanish Steps about the super-priority portion of the lien and appears to have submitted a tender. This occurred months before the sale by Spanish Steps about which Plaintiff received notice. Plaintiff cannot therefore claim in this case that it did not receive notice of the HOA lien and the intended sale of the property. Plaintiff thus had sufficient opportunity to invoke whatever means available, including court intervention, to prevent or halt the sale. It did not. Plaintiff's due process claim must consequently fail as a matter of law.

### iii. Commercial Reasonableness / Good Faith

Plaintiff alleges that the $17,000 sales price for the Property was unreasonable in light of the Property's purported fair market value at that time, allegedly approximately $143,000. Plaintiff further alleges that Spanish Steps acted in violation of the good faith requirement imposed by NRS 116.1113. Spanish Steps argues that price disparity alone is insufficient to set aside a foreclosure.

///

10

Plaintiff's arguments regarding commercial reasonableness or inadequacy of price must be rejected based upon Nevada law and clear Nevada Supreme Court precedent. NRS Chapter 116 does not contain any provisions requiring that an HOA foreclosure sale be commercially reasonable, nor does it provide for parties to be able to set aside foreclosure sales as being commercially unreasonable. Chapter 116 *does* require that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." NRS 116.1113. "Good faith" is defined in the Nevada Revised Statutes as meaning "honesty in fact and the observance of reasonable commercial standards of fair dealing." NRS 104.1201(t). This definition only applies, however, to the extent that an action is governed by another article of the Uniform Commercial Code ("UCC") as adopted in Nevada. NRS 104.1102. The Nevada Supreme Court has clearly held that HOA foreclosure sales are not governed by the commercial reasonableness standard of the UCC as adopted in Nevada: "we hold that [commercial reasonableness] has no applicability in the context of an HOA foreclosure involving the sale of real property. As to the Restatement's 20-percent standard, we clarify that <u>Shadow Wood</u> did not overturn this court's longstanding rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale absent additional proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." <u>Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon,</u> 405 P.3d 641, 642–43 (Nev. 2017) (internal citations omitted). Thus, Plaintiff's arguments in this regard are contrary to Nevada law and must be rejected.

iv. <u>Accepted Tender</u>

In Plaintiff's Renewed Motion for Summary Judgment, Plaintiff argues that its predecessor's valid tender of nine months of assessments extinguished the super-priority lien. Defendants respond that Plaintiff's predecessor's alleged tender was over three years after the HOA lien was recorded and that costs and fees had accrued such that the total amount due on February 13, 2013 was $10,665.00. Defendants argue that the $1,566.00 amount was accepted by Hampton & Hampton as a payment on an outstanding balance and not retroactively applied as a tender of the super-priority lien. Defendants argue that Plaintiff therefore did not satisfy the super-

priority lien, while Plaintiff argues that the decision of Hampton & Hampton regarding how they applied the accepted tender is immaterial to the satisfaction of the super-priority lien.

The super-priority component of an HOA lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the sub-priority component consists of "all other HOA fees and assessments." SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014). The Court finds there are genuine issues of disputed fact as to whether the $1,566.00 was the actual amount of the super-priority portion of the HOA lien. This issue must therefore proceed to trial for resolution.

Importantly, the Court does not find upon the undisputed facts that the tender was insufficient because it was conditional. To the extent the tender was conditional, the Court finds that the conditions were ones on which Plaintiff's predecessor had a right to insist. The tender was presented with the following condition:

> This is a non-negotiable amount and any endorsement of said cashier's check will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that BANA's financial obligations towards the OA in regards to the real property located at 276 Big Horn Drive have now been 'paid in full.'

ECF No. 55, Exhibit 8-5. The Nevada Supreme Court has expressly held that this precise language constitutes a condition upon which a tenderer has the right to insist. Bank of Am., N.A. v. SFR Investments Pool 1, LLC, 427 P.3d 113, 116–18 (Nev. 2018). The Court incorporates the Nevada Supreme Court's reasoning by reference and finds that the tender did not carry an improper condition. However, the issue of whether the tend extinguished the super-priority lien will proceed to trial.

Finally, the Court also finds that the issue of the tender in this case and the parties' conduct and correspondence surrounding the tender also create the possibility that Plaintiff may prevail on its equitable claim for setting aside the foreclosure sale in this case. See Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc., 366 P.3d 1105, 1111–12 (Nev. 2016). The Nevada Supreme Court in Shadow Wood held that a foreclosure sale may be set aside on

equitable grounds if there is "fraud, unfairness or oppression." Id. The Court finds that there are genuine issues of disputed fact regarding this equitable claim that must be decided by a trial.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Spanish Steps Lakeside Homeowners Association's Renewed Motion to Dismiss (ECF No. 54) is GRANTED in part as to Plaintiff's first cause of action (Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010) and otherwise DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Summary Judgment (ECF No. 56) is DENIED.

**IT IS FURTHER ORDERED** that Spanish Steps Lakeside Homeowners Association's Renewed Motion for Summary Judgment (ECF No. 55) is GRANTED in part and DENIED in part as noted in this order.

**IT IS FURTHER ORDERED** that a status conference is set in this case for April 24, 2019 at 2:00 PM in LV Courtroom 7C.

DATED: March 25, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE

13