UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES INC. MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-4,<br><br>Plaintiff,<br><br>v.<br><br>UNDERWOOD PARTNERS, LLC; NV EAGLES, LLC; SPANISH STEPS LAKESIDE HOMEOWNERS ASSOCIATION; and HAMPTON & HAMPTON COLLECTIONS, LLC,<br><br>Defendants. | Case No. 2:17-cv-00461-RFB-PAC<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Alter or Amend Judgment and for Reconsideration of Court's Order Dated March 25, 2019. ECF Nos. 69, 70.

Plaintiff filed its Complaint on February 13, 2017. ECF No. 1. In August 2018, Plaintiff and Defendant Spanish Steps Lakeside Homeowners Association ("Spanish Steps") each filed a motion for summary judgment. ECF Nos. 55, 56. On March 25, 2019, the Court denied Plaintiff's motion and granted Spanish Steps's motion in part, preserving only the issue of tender and Plaintiff's associated equitable claim. ECF No. 68.

Following Plaintiff's motion, the Court held a hearing on April 24, 2019. The Court now reconsiders the issue of tender pursuant to Plaintiff's motion. The Court incorporates by reference its findings of undisputed facts in its March 25, 2019 order.

///

"[A] first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." Bank of Am., N.A. v. SFR Investments Pool 1, LLC, 427 P.3d 113, 116 (Nev. 2018) (en banc). The super-priority component of an HOA lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the sub-priority component consists of "all other HOA fees and assessments." SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014).

Based on the facts of record as clarified at the April 24, 2019 hearing, the Court reconsiders its partial denial of summary judgment. The Court now finds that Plaintiff's predecessor tendered the super-priority amount and that therefore Plaintiff's deed of trust remained an encumbrance on the Property. It is undisputed that the payment was tendered prior to the HOA sale in the amount of the previous nine months of unpaid HOA assessments. The tender did not need to capture the remaining outstanding balance in order to cover the super-priority component of the lien.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend Judgment and for Reconsideration of Court's Order Dated March 25, 2019 (ECF Nos 69, 70) is GRANTED. The Court reconsiders in part its March 25, 2019 order and now enters summary judgment in favor of Plaintiff on the remaining issue of tender. The Court issues declaratory relief in favor of Plaintiff and states that Plaintiff's deed of trust remained an encumbrance on the Property at the time of the foreclosure sale.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close this case.[1]

DATED this 25th day of April, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE

---

[1] To the extent any unjust enrichment claim remains, it is dismissed without prejudice in light of the Court's issuance of declaratory relief in favor of Plaintiff.